IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA C. ALFARO,

   Plaintiff,      No. 2:12-cv-2023 LKK GGH PS

 vs.

JUANITA ALFARO,

   Defendant.     FINDINGS AND RECOMMENDATIONS

_____/

   Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed an in forma pauperis affidavit in which she states that her monthly take home income is $5,400. The affidavit also states that plaintiff has $250,000 in a checking or savings account. Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's income shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v.

1

1  Rowland, 939 F.2d 854, 858 (9th Cir. 1991) rev'd on other grounds, Rowland v. California
2  Men's Colony, 506 U.S. 194, 113 S. Ct. 716 (1993); United States v. McQuade, 647 F.2d 938,
3  1940 (9th Cir. 1981) (per curiam); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994),
4  aff'd in part, vacated in part, sub. nom. Olivares v. Marshal, 59 F.3d 109 (9th Cir. 1995).
5  Accordingly, plaintiff's application should be denied.
6         The complaint alleges that plaintiff's aunt, defendant Juanita Alfaro, tried to run
7  plaintiff's son over and beat up three or four of plaintiff's children.  Juanita is also accused of
8  breaking into plaintiff's daughter's house.  Plaintiff reports a number of other family squabbles,
9  including that defendant asks plaintiff for money but then will not help plaintiff, and that she and
10 her neighbors drink and loiter near plaintiff's daughter's apartment.
11        The court is unable to determine a jurisdictional basis for this action.  A federal
12 court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the
13 Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114
14 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United
15 States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from
16 time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district
17 courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-
18 99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time
19 by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93
20 F.3d 593, 594-95 (9th Cir. 1996).
21        The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
22 question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
23 matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
24 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
25 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
26 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

1  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
2  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).
3           For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
4  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal
5  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
6  federal law or the United States Constitution, (2) allege a "case or controversy" within the
7  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,
8  369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).
9           Finally, plaintiff's standing to bring this action is doubtful.
10          The complaint makes no reference to federal law and does not assert diversity
11 jurisdiction.  Both parties are residents of California.  Battery and theft are state law criminal
12 matters.  Accordingly, the complaint must be dismissed.
13          Although the court would ordinarily grant a pro se plaintiff leave to amend, these
14 facts demonstrate that plaintiff could not amend to demonstrate subject matter jurisdiction.
15 Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.
16          In accordance with the above, IT IS HEREBY RECOMMENDED that:
17          1. Plaintiff's application to proceed in forma pauperis, filed August 1, 2012, be
18 denied; and
19          2. This action be dismissed with prejudice.
20          These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
22 (14) days after being served with these findings and recommendations, plaintiff may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25 \\\\\
26 \\\\\

1. specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2012

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH:076/Alfaro2023.ifp-fr.wpd